# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL BASCOMB, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-36-DRH ) |
| JACK TOWNSLEY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff's motion to file complaint without complying with the exhaustion requirements of the Prisoner Litigation Reform Act (Doc. 2). Briefly, Plaintiff contends that he attempted, but was unable, to fully exhaust his available state remedies before commencing this action pursuant to 42 U.S.C. § 1983 because prison officials either purposefully destroyed or misplaced his grievances. Exhaustion of administrative remedies is required before Plaintiff, a state prisoner, may bring his § 1983 action concerning prison conditons. *See* 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). At this time, Plaintiff's complaint is still under threshold review pursuant to 28 U.S.C. § 1915A and, therefore, Defendants have not yet been served with the complaint. Accordingly, Plaintiff's motion to file complaint without complying with the exhaustion requirements of the Prison Litigation Reform Act (Doc. 2) is premature and, therefore, is **DENIED**

1

without prejudice. If Plaintiff's complaint survives threshold review, then Court will deal with any affirmative defenses - including failure to exhaust administrative remedies - asserted by the Defendants in due and proper course.

**IT IS SO ORDERED.**

**DATED:** June 18, 2009.

/s/ DavidRHerndon
**DISTRICT JUDGE**