**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NATHANIEL BASCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-36-DRH |
| | ) |
| JACK TOWNLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, formerly an inmate at Pinckneyville Correctional Center, now an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1915A, which provides:

> (a) **Screening.** - The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** - On review, the Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___,

2009 WL 1361536, *13 (May 18, 2009).

**THE COMPLAINT**

Plaintiff alleges that it is a custom of the Pinckneyville Correction Center employees to discriminate against African American and Latin American inmates in favor of white inmates. According to Plaintiff this discrimination includes denying African American and Latin American inmates job assignments, denying them access to prison programs, and subjecting them to a harsher disciplinary system. Plaintiff alleges that Defendant Bartley, warden at Pinckneyville, allows and approves of the racial discrimination practiced by his subordinates. As part of this practice, Plaintiff alleges that Defendant Townley gave him a food tray that was tampered with in an unstated way. When Plaintiff refused the tray, Defendant Townley slammed the chuck hole door on Plaintiff's arm injuring his hand, biceps, and elbow. Afterwards, Defendant Townley moved Plaintiff to a different cell in order to prevent Plaintiff's injuries from being discovered and to deny Plaintiff adequate medical care for them.

Defendant Townley also issued Plaintiff a conduct violation for assaulting a staff member and for intimidation or threats. Plaintiff claims that the violation is "fraudulent." Plaintiff claims that the two staff members who presided over his disciplinary hearing, Defendants Jordan and McBride, were prejudiced and biased against him and denied him various procedural protections (e.g., denying his request to present witnesses). Plaintiff was found guilty of the conduct violation and received as punishment the following sanctions: 6 months demotion to C-grade; 6 months confinement in segregation; loss of 6 months good conduct credit; and 6 months restrictions on contact visits.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's

*pro se* action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendant Townley for using excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights.
>
> **COUNT 2:** Against Defendant Townley for failing to provide Plaintiff with adequate medical care for his arm injuries in violation of the Eighth Amendment.
>
> **COUNT 3:** Against Defendants Townley and Bartley for discriminating against Plaintiff on the basis on his race in violation of the Equal Protection Clause.
>
> **COUNT 4:** Against Defendants Jordan and McBride for denying Plaintiff Due Process in connection with the conduct violation hearing.
>
> **COUNT 5:** Against Defendants Jordan and McBride for conspiring to deprive Plaintiff of Due Process in connection with the conduct violation hearing.

**DISCUSSION**

**A. Count 1 (excessive force).**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eight Amendment and is actionable under section 1983. *Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action . .

. [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort " repugnant to the conscience of mankind." *Id.* at 9-10; *see also Outlaw v. Newkirk,* 259 F.3d 833, 837-38 (7th Cir. 2001). Applying these standards, the Court is unable to dismiss Count 1 at this time.

**B. Count 2 (medical care).**

Deliberate indifference to the serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition ." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485. 489 (7th Cir. 1999). *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996). Based on the foregoing, the Court is unable to dismiss Count 2 at this time.

**C. Count 3 (Equal Protection claim)**

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race. *Id.* Applying this standard, the Court is unable to dismiss Count 3 at this time.

**D. Count 4 (Due Process claim).**

With regard to the Due Process claim concerning Plaintiff's conduct violation, the Court notes that Plaintiff alleges not only technical violations of procedure, but goes farther to allege that

4

Defendants were biased against him. Therefore, Plaintiff challenges not just process by which he was found guilty of the conduct violation, but the decision finding him guilty of the conduct violation. Furthermore, Plaintiff seeks not only monetary relief for these alleged violations, but also equitable relief invalidating the conduct violation from his record and restoring his good conduct credit.

With respect to Plaintiff's claim to restore his good time credit, Plaintiff's sole federal remedy an action for a writ of habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts, not a § 1983 action. *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973).

With respect to Plaintiff's claim for damages, if Plaintiff's allegation is true that Defendants Jordan and McBride were personally biased against him, then that would imply that the decision made by these Defendants was wrong. Where, as here, a judgment in Plaintiff's favor would necessarily imply the invalidity of the disciplinary hearing and resulting loss of good conduct credits, Plaintiff's claim is not cognizable under § 1983 unless and until Plaintiff has the disciplinary action overturned through some other means such as a habeas corpus action. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Because Plaintiff does not allege that the disciplinary action has been overturned in a separate proceeding, Count 4 must be dismissed.

**E. Count 5 (conspiracy claim**).

Plaintiff also alleges that Defendants Jordan and McBride knowingly conspired to deprive him of Due Process in his conduct violation hearing. Although civil conspiracy claims are cognizable under § 1983*, Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002), conspiracy is not

an independent basis of liability in § 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *see also Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). As discussed above, Plaintiff does not have a cognizable Due Process claim unless and until he has the disciplinary action overturned through some other means (such as a habeas corpus action). Because Plaintiff has not alleged that the disciplinary action has been overturned in a separate proceeding, Plaintiff has not alleged a Due Process violation. Accordingly, Plaintiff's claim that Defendants Jordan and McBride conspired to deprive him of Due Process also fails.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 4** and **5** are **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **TOWNLEY AND BARTLEY.** The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **TOWNLEY AND BARTLEY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:** July 17, 2009

/s/   DavidRHerndon
**DISTRICT JUDGE**