IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHANIAL BASCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-00036-DRH-DGW |
| | ) | |
| JACK TOWNLEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Pending before the Court is the parties' Motion for Agreed Protective Order (Doc. 41). In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is a good cause to enter a protective order and hereby **GRANTS** the Motion for Agreed to Protective Order (Doc. 41).

The entrance of this protective order in no way prevents any "party and any interested member of the public" from challenging the application of this protective order to particular documents. *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Should any disputes arise regarding the scope or application of this protective order during discovery, the parties must contact the Court before filing a motion.

**WHEREFORE, IT IS HEREBY ORDERED:**

1. All photographs from the Illinois Department of Corrections produced to Plaintiff's counsel in this cause of action shall be designated "Confidential Materials."

2. Confidential Materials shall be disclosed or made available only to the following persons: (a) counsel of record or other licensed attorneys participating in the litigation; (b) personnel who are specifically assisting in this litigation; and (c) outside consultants or experts specifically retained by counsel to perform investigative work, advise

counsel or otherwise assist in this litigation, provided that such individuals are not current or former inmates of the Department.

        3.      Persons designated in paragraph 2 shall not use, disclose, or disseminate any Confidential Material other than for purposes directly related to this litigation and shall not circulate or propagate an original or copy of the Confidential Material to any others, without prior written permission of the Department of Corrections or by order of the court. Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the court for purposes of enforcement or a violation of this Order. Such persons shall be subject to such relief as is deemed appropriate by the court, including sanctions. Notwithstanding the limitations contained in paragraph 2 and subject to the requirements of paragraph 4, Plaintiff's attorney may show the Confidential Materials to the Plaintiff or any witnesses for purposes directly related to this litigation but such persons shall not be permitted to retain any copies of the Confidential Material.

        4.      A person designated in 2(b) or (c) shall not have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the court's jurisdiction. Copies of all such agreements shall be made available to the Department's counsel upon request.

        5.      In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its Confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

        6.      All Confidential Material shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order. Additional copies

of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential and maintained securely.

      7.      Maintenance of the Confidential status of any such Confidential Material shall be subject to further order of this court and nothing herein shall preclude any party from applying to the court for modification of this Order.  The parties reserve the right to make application to the court upon not less than five days' notice to seek permission to modify the provisions of this Order.  Counsel shall first seek to resolve by agreement, and without involvement of the court, any disputes regarding confidential designations.

      8.      After the termination of this litigation, including all appeals, all Confidential Material shall be returned to the Department of Corrections or destroyed.

DATED:  December 22, 2010

                              s/ *Donald G. Wilkerson*
                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**